Abraham HEWITT;  Doreen Hewitt,

v.

Oliver MORTON, Appellant.

No. 02–2478.

United States Court of Appeals,
Third Circuit.

Argued on April 28, 2003.

Decided Aug. 28, 2003.

George W. Cannon, Jr., (Argued), Frederiksted, St. Croix, USVI, for Appellees.

Edward H. Jacobs, (Argued), Jacobs & Brady, Christiansted, St. Croix, USVI, for Appellant.

Before ROTH, MCKEE and COWEN, Circuit Judges.

## OPINION

ROTH, Circuit Judge.

Oliver Morton, a licensed contractor, prepared written estimates for repairs to two properties of Abraham Hewitt. The properties had been extensively damaged by Hurricane Hugo. Formal documents were prepared which contained slightly more general specifications than did the estimates and which outlined the scope of work to be performed at a cost broken down into payments due at stages of completion over a 90–day period. Morton completed work on the first property in November 1991. However, as the Territorial Court found, he improperly laid out the roof and built the walls higher than

requested. Morton ceased work on the second property in March 1992 as a result of the dispute with Hewitt. During the course of construction, Morton was regularly absent from the job site, left the site undermanned while working on other projects, and made unauthorized changes over and above the changes requested by Hewitt.

Hewitt filed suit for breach of contract in July 1992. Morton defended on the basis that (1) no contract existed; (2) if a contract did exist it was too uncertain to be enforced; and (3) he was not in breach. The Territorial Court found that an express contract did exist, that it was of the requisite certainty, and that it was materially breached. The court awarded $48,579.10 in damages to Hewitt. The court also denied Morton's counterclaim for restitution. The Appellate Division affirmed, and Morton appealed.

Our standard of review is plenary because questions concerning contract existence, certainty, and breach are matters of contract construction. *See Ram Constr. Co., Inc. v. American States Insurance Co.* 749 F.2d 1049, 1053 (3d Cir.1984). Applying this standard, we will affirm the judgment of the Appellate Division.

■ Specifically, we hold that an express contract existed between the parties, its formation occurring when Morton accepted Hewitt's offer by beginning work on the properties. "Acceptance by performance requires that at least part of what the offer requests be performed or tendered...." *Restatement (Second) of Contracts* § 50(2) (1981). This was an express contract, because the nature of the work to be done and the price to be charged was set forth through the dealings between the parties and the language in the estimates. *See Restatement (Second) of Contracts* § 4 (1981).

Morton argues, however, that the terms of the documents were too vague. Specifi-

cally, he contends that, although the documents called for repairs of particular rooms and structures, they did not mention what parts or features of the room or structure should be repaired or replaced, or what materials should be used in doing so. We disagree. Our review of the record convinces us that the Territorial Court properly determined that the parties, through their dealings and through the language of the estimates, created express contracts for the repair of each property.

■ We also hold that Morton breached the contracts when he delayed completion of the first job and abandoned the second job. Although builders may waive or extend completion deadlines, waivers or extensions that are silent as to duration extend the deadline only for a reasonable time. *Curtis Elevator Co., v. Hampshire House, Inc.,* 142 N.J.Super. 537, 362 A.2d 73, 76 (N.J.Super.1976). Expert testimony established that nine to twelve months was a reasonable time for completion of the repairs. Thus, Morton's 17 months' completion time was in fact unreasonable and placed him in breach. Moreover, we agree with the Territorial Court's holding that the dispute between the parties over installation of windows and tiles on the first property was not justification for abandoning work on the second.

■ Morton counterclaimed for restitution for the value of his services. The Territorial Court denied the counterclaim on the ground that it was not supported by the evidence. Moreover, restitution is not available where an express contract exists. *See Christian v. Joseph,* 23 V.I. 193, 200 (D.V.I.App.1987).

For the above reasons, we will affirm the order of the Appellate Division, affirming the judgment of the Territorial Court.